J-S25044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MASTAFA MCCLOUD | : | |
| | : | |
| Appellant | : | No. 1809 EDA 2020 |

Appeal from the PCRA Order Entered May 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203311-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MASTAFA MCCLOUD | : | |
| | : | |
| Appellant | : | No. 1810 EDA 2020 |

Appeal from the PCRA Order Entered May 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0204541-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MASTAFA MCCLOUD | : | |
| | : | |
| Appellant | : | No. 1811 EDA 2020 |

Appeal from the PCRA Order Entered May 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203851-2005

J-S25044-21

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 31, 2021**

Mastafa McCloud (McCloud) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. After review, we affirm.

**I.**

On November 18, 2005, following a bench trial, McCloud was convicted of attempted murder and related offenses for his role in an armed assault that turned into a shoot-out with the police. The PCRA court summarized the facts of the assault and shoot-out as follows:

> On October 14, 2004, Charles Wesley ("Wesley") and his girlfriend, Sharee Norton ("Norton"), were walking down 33rd street with Norton's two young daughters when they encountered [McCloud] and his six co-defendants Edmond Jackson, Ronald Alston, Leroy Fair, Tyre Tucker, Khaliaf Alston, and Kyle Little. Norton heard one of the men say, "There's Charles." Norton then heard Wesley say "Oh shit, that's them," before he turned and ran away. The men began shooting at Wesley as he ran up 33rd Street toward Cumberland Street. Less than a block away from this gunfire, Detectives Ronald Dove and James Waring were outside 2531 N. 33rd Street interviewing Gene Palmer in connection with a previous attempt on Wesley's life earlier that day. Police Officers Thomas Hood and Edward Allen were parked nearby in an unmarked Ford Taurus. The police officers observed Wesley and Norton walk by them with two children on 33rd Street; approximately 30 seconds later, they heard gunshots. They then saw several males dressed in dark colors and one male in a white t-shirt running up the street, firing guns. Officer Allen pushed Mr. Palmer to the ground; Detective Dove shot at the gunmen four

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

times; Officer Hood used his radio to report the shooting and call for backup. The police officers chased the gunmen as they ran up 33rd Street. Detective Dove testified at trial that the gunman in the white t-shirt turned toward him with his arm raised; Detective Dove shot at him and missed. Detective Dove identified the man in the white-shirt as Edmond Jackson. When the officers approached 34th Street, Rita Wesley ("Rita"), Wesley's mother, was standing outside her house and told them that the gunmen were running northbound on 34th Street. Officer Hood ran to 34th and Huntington Streets, saw the group of gunmen, and ordered them to stop. Just then, a marked police officer turned the corner and drove toward the group from the north, so they turned around back toward Officer Hood and sat down on nearby steps. Officer Hood arrested [McCloud] and recovered a fired shell casing that fell from [McCloud's] clothing…

On the same block, police discovered two automobiles with keys already in the ignition. From inside [one of the vehicles], police recovered a cell phone that said "McCloud" on it. Overall, the police recovered 57 fired cartridge casings from the scene and determined that 8 firearms (including Detective Dove's) were fired during the shoot-out.

PCRA Court Opinion (PCO), 10/25/19, at 2-3.

After being found guilty, McCloud was sentenced to an aggregate 13½ to 27 years' imprisonment on May 16, 2006. On direct appeal, this Court affirmed the judgment of sentence on November 14, 2008. *See Commonwealth v. McCloud*, 964 A.2d 945 (Pa. Super. 2008) (unpublished memorandum). Because he did not seek further review, the sentence became final on December 14, 2008.

After his first PCRA petition did not succeed, McCloud filed his second petition in August 2011, raising a single ineffective assistance of counsel claim. Counsel was appointed and requested to withdraw by filing a no-merit letter, and the PCRA court issued notice of its intent to dismiss under Pa.R.Crim.P.

907. In response, McCloud raised an after-discovered evidence claim under 42 Pa.C.S. § 9543(a)(2)(vi). His claim was based on a newspaper article about Detective Ronald S. Dove (Detective Dove), who was involved in the shoot-out and arrest of McCloud. According to the article, Detective Dove was under investigation for helping cover up a murder committed by his girlfriend.

The PCRA court dismissed the petition and permitted counsel to withdraw, later explaining in its Pa.R.A.P. 1925(a) opinion that McCloud could not rely on a newspaper article about police misconduct that had no connection to his case. We affirmed on appeal and our Supreme Court denied further review. *See Commonwealth v. McCloud*, 158 A.3d 177 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 165 A.3d 874 (Pa. 2017).

While the second petition was on appeal, Detective Dove was charged with obstructing administration of law, tampering with and fabricating physical evidence and related charges. He later entered into a negotiated plea agreement in which he admitted to helping his girlfriend destroy evidence and flee from authorities after she killed a former paramour. On April 25, 2017, he was sentenced to 24 months' county incarceration, with parole at 30 days, plus 3 years of reporting probation.

Less than two months later, on June 21, 2017, McCloud filed this, his third PCRA petition. Like he did in the prior petition, he raised an after-discovered evidence claim based on Detective Dove's misconduct, asserting that his convictions showed a habit of falsifying and tampering with evidence

- 4 -

in matters in which he was personally involved. After issuing its Rule 907 notice and receiving no response, the PCRA court formally dismissed the petition on May 9, 2019. McCloud appealed to this Court, but we quashed the appeal because he failed to file a notice of appeal in each of his three separate cases. *See Commonwealth v. McCloud*, 237 A.3d 433 (Pa. Super. filed May 5, 2020) (unpublished memorandum). McCloud sought to have his appellate rights reinstated, and after that request was granted, filed separate notices of appeal for his three cases,[1] which we later consolidated. On appeal, he raises this question for our review:

> Did the PCRA court err in finding [McCloud's] newly discovered evidence, which established that [Detective] Dove had a habit of illegally manipulating, tampering with and/or covering up evidence in cases in which he had a personal interest in, lacked merit?

McCloud's Brief at 3.[2]

_____

[1] McCloud stated that he was appealing from the PCRA court's September 8, 2020 order reinstating his appellate rights. This prompted us to issue rules to show cause why his appeal should not be quashed because he was not an aggrieved party under Pa.R.A.P. 501. McCloud timely responded and clarified that he was appealing from the dismissal of his third PCRA petition. We find this explanation sufficient and decline to quash McCloud's appeals.

[2] In reviewing the denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's factual determinations and whether its decision is free of legal error. *See Commonwealth v. Lopez*, 249 A.3d 993, 998 (Pa. 2021) (citation omitted). Additionally, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the PCRA court otherwise

**II.**

**A.**

We first examine the timeliness of McCloud's petition. Generally, the

PCRA's time limitations implicate our jurisdiction and may not be disregarded.

***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Any

PCRA petition, including a second or subsequent one, must be filed within one

year of the sentence becoming final, unless one these exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time McCloud filed his

petition, a petitioner needed to file his claim within 60 days from the date that

he could have been presented with the exercise of reasonable (or due)

diligence. ***See*** 42 Pa.C.S. § 9545(b)(2).[3]

---

abused its discretion." ***Commonwealth v. Watkins***, 108 A.3d 692, 735 (Pa. 2014).

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2), extending the time for filing a PCRA claim from 60 days to one year from the

Because his sentence became final in December 2008, McCloud's petition is facially untimely and he needed to plead and prove the applicability of one of the timeliness exceptions. He asserted that his petition was timely under both the governmental interference and newly discovered facts exceptions. The PCRA court found that the latter exception applied because McCloud filed his petition within 60 days of learning about Detective Dove's guilty plea and sentencing on April 26, 2017. *See* PCO at 7-8. We agree and would note that the Commonwealth effectively concedes the timeliness of McCloud's petition by not addressing the issue in its brief. As a result, we turn to the merits of McCloud's claim.

## B.

The PCRA recognizes claims of after-discovered evidence as substantive grounds for relief as long as the conviction or sentence resulted from the unavailability of "exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). To assert a meritorious claim of after-discovered evidence, a PCRA petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or before

_____

date a claim could have been presented. *See* 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising on or after the effective date of this section, December 24, 2017. The amendment does not apply to McCloud.

- 7 -

trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *See Commonwealth v. Cox*, 146 A.3d 221, 228 (Pa. Super. 2016) (citation omitted).

The PCRA court concluded that McCloud could not establish the third element, finding that any evidence about Detective Dove's misconduct and conviction would only help impeach his credibility at trial. *See* PCO at 9-10. The PCRA court also emphasized that McCloud could not connect Detective Dove's misconduct to McCloud's 2004 offenses.

> …[McCloud] is unable to establish any nexus between his case and Dove's misconduct, which took place more than a decade after [McCloud's] trial. *See Commonwealth v. Foreman*, 55 A.3d 532 (Pa. Super. 2012) (holding that petitioner's "new evidence" regarding criminal charges against detective who testified in criminal trial did not warrant PCRA relief where detective's alleged misconduct took place more than two years after Defendant's conviction). McCloud has failed to provide any evidence or proof to support any of his claims regarding Dove's involvement in the shooting. There is zero evidence that Dove tampered with or fabricated evidence in [McCloud's] case. [McCloud] baldly claims that Dove was a long-time friend of Wesley and [his mother, Rita Wesley] but provides no proof. He also baldly claims that Rita was a "long-time confidential informant" for the police, but provides zero proof to support this allegation. [McCloud's] claim that Rita identified him as one of the gunmen only after Dove allegedly interfered is belied by the record; Rita promptly identified [McCloud] as one of the gunmen at the time of his arrest on the day of the shooting, not weeks later as he clams. (N.T. 11/9/05, p. 150). [McCloud] further claims that Dove had a personal vendetta against him, claiming that Dove identified him as the person who shot at him. This is also directly belied by the record; the transcript shows that Dove identified Edmond Jackson, not [McCloud], as the man in the white t-shirt who shot at him. (N.T. 11/15/05, p. 81). Since [McCloud's] assertions regarding Dove's misconduct in his own case are based upon pure conjecture,

[McCloud] has failed to establish any nexus between his case and Dove's conviction more than a decade later…

PCO at 10-11.

We agree with this analysis as McCloud fails to connect Detective Dove's subsequent criminal misconduct in 2013 to his involvement in the 2004 shoot-out that led to McCloud's arrest. In ***Commonwealth v. Johnson***, 179 A.3d 1105 (Pa. Super. 2018), this Court held that evidence of Detective Dove's misconduct is insufficient to satisfy the after-discovered evidence test where the petitioner fails to show any nexus between his case and Detective Dove's misconduct. ***Id***. at 1223.[4] The same applies here where McCloud cannot show any connection between his case and Detective Dove's misconduct that happened nearly a decade later.

McCloud argues that the evidence would not be used solely for purposes of impeachment. In support, he asserts two theories for the evidence's admission for non-impeachment purposes. The first is to prove habit. Under Pennsylvania Rule of Evidence 406, "[e]vidence of a person's habit or an organization's routine practice may be admitted proving that on a particular

---

[4] This Court observed that "[n]umerous defendants in recent years similarly and unsuccessfully have sought relief under the PCRA due to former Detective Dove's criminal misconduct." ***Johnson***, 179 A.3d at 1123 n.9. As we did in ***Johnson***, this Court has affirmed the PCRA court's rejections of those claims. ***See, e.g., Commonwealth v. Mason***, 2021 WL 3056280 (Pa. Super. Jul 20, 2021) (unpublished memorandum); ***Commonwealth v. Walls***, 2021 WL 2396227 (Pa. Super. June 10, 2021) (unpublished memorandum); ***Commonwealth v. Fleetwood***, 2020 WL 653871 (Pa. Super. November 6, 2020) (unpublished memorandum).

occasion the person or organization acted in accordance with the habit or routine practice." Pa.R.E. 406. "For evidence of habit to be admissible, the habit must have occurred with sufficient regularity to make it probable that it would be carried out in every instance or in most instances." ***Commonwealth v. Harris***, 852 A.2d 1168, 1178 (Pa. 2004) (citation omitted).

McCloud alleges that there were "at least four instances where Dove fabricated and falsified evidence in criminal cases he had a personal interest in[.]" McCloud's Brief at 20. Besides the 2013 conviction, McCloud identifies two other cases in which he alleges Detective Dove committed misconduct. Besides none of these allegations being included in his original petition, McCloud fails to show how these claims of misconduct in other cases have been substantiated. Thus, the only substantiated evidence of Detective Dove's misconduct is his 2013 conviction that is unrelated to this case. Under these circumstances, McCloud has not shown that Detective Dove's misconduct would be admissible under Rule 406.

The second basis for admission that McCloud asserts is Pennsylvania Rule of Evidence 404(b), which provides that evidence of a crime, wrong or other act may be admissible to prove a person's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," but "only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2).

This Court recently rejected a similar argument about Detective Dove in **Commonwealth v. Murray**, 248 A.3d 557 (Pa. Super. March 19, 2021), although involving a separate crime. Finding Detective Dove's misconduct would not be admissible bad acts evidence in that case, we explained that such evidence had limited probative value compared to its potential for prejudice.

> We find the trial court properly excluded evidence of Detective Dove's misconduct under Rule 404(b)(2). The Commonwealth proved its case through, *inter alia*, thirteen police witnesses other than Detective Dove. Neither the Commonwealth nor the defendants asked Detective Dove to testify. Furthermore, the execution of the search warrants at Appellant's and Pone's residences took place in May 2013. Detective Dove's crimes took place approximately one year later in a completely unrelated homicide investigation involving his girlfriend. There is no evidence in the present case that Detective Dove was romantically involved with the victim's murderer or that he sought to conceal inculpatory evidence, as he later did to protect his girlfriend in the unrelated case. Under these circumstances, this evidence had limited probative value (if any), and its potential for prejudice outweighed its probative value.

*Id*. at 575.

The same applies here. Besides there being other witnesses to McCloud's involvement in the 2004 shoot-out, Detective Dove's misconduct happened long after in an unrelated matter. That being the case, whatever probative value his misconduct would be outweighed by its potential for prejudice. Thus, the evidence would not be admissible under Rule 404(b)(2).

Finally, McCloud argues that the PCRA court's decision conflicts with this Court's decision in **Commonwealth v. Williams**, 215 A.3d 1019 (Pa. Super.

2019).  There, we reversed a PCRA court that denied relief to a petitioner who raised an after discovered evidence claim based on the Commonwealth's only police witness later being discovered to have engaged in misconduct that predated the petitioner's offenses but was not disclosed.  Addressing whether the new evidence would be used for non-impeachment purposes, we emphasized that the officer was the only witness at the petitioner's trial.  *Id*. at 1027.  Additionally, to refute that officer's testimony, the petitioner had obtained affidavits from two former police officers that refuted the version of events given at trial.  *Id*.  As a result, the after discovered evidence about the officer's misconduct would not be used merely as impeachment evidence at a new trial.  *Id*.

First, while the police officer in *Williams* was the only witness at trial, Detective Dove was not the only witness to implicate McCloud in the assault and shoot-out.  Indeed, there were several other witnesses who testified that McCloud was one of the gunmen who tried to shoot and kill the intended victim.  While the police officer's misconduct in *Williams* predated the petitioner's offense, Detective Dove's misconducts postdates McCloud's offenses by nearly a decade.  Furthermore, while the petitioner in *Williams* had affidavits from other witnesses refuting the police officer's testimony, McCloud has no such evidence.  We find McCloud's reliance on *Williams* to be misplaced.  Since McCloud cannot show that the evidence would be used for

- 12 -

non-impeachment purposes, we conclude that the PCRA court did not err in dismissing his petition.

Order affirmed.

President Judge Emeritus Judge Bender joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2021